UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                Case No. 16-20643

MALCOLM JOSEPH LOVE,                                       HON. AVERN COHN

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION
TO ALLOW DEFENDANT TO RESOLVE STATE PAROLE VIOLATION (Doc. 18)[1]
AND SETTING BOND CONDITIONS**

       This is a criminal case. Defendant plead guilty as charged and under a Rule 11 Agreement to one count of felon in possession of a firearm, in violation of 18 U.S.C. §922(g). Defendant has consented to custody. He is awaiting sentencing.

       Before the Court is defendant's motion for revocation of detention to allow him to resolve a state parole violation. The motion is premised on the fact that at the time of the charged offense, defendant was on parole and a warrant was issued against him for absconding from a parole violation. Defendant seeks bond to be released to the custody of the Michigan Department of Corrections (MDOC) to resolve the parole violation prior to sentencing. No one disputes that the presence of a parole detainer will have a significant negative impact on defendant's sentence in terms of his Bureau of Prisons classification level, ability to participate in prison programs, and eligibility to be

---

[1]Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

released to a half way house. Such could also result in a longer sentence. The government opposes the motion on the grounds that "state and federal agencies cannot implement sufficient safeguards to keep [defendant] in state or federal custody at all times." (Doc. 19 at p. 1). The Court disagrees. First, the government's argument assumes that state and federal agents are not capable of performing their obligation to maintain defendant's custody status or follow court orders. The Court must always assume that state and federal agents will perform their duties as directed. Second, as defendant's counsel points out, safeguards can be put into place to ensure that defendant remain in custody, whether by the MDOC or the U.S. Marshal, at all times. Accordingly, defendant's motion is GRANTED WITH THE FOLLOWING CONDITIONS.

1. Defendant's release on bond is stayed for ten (10) days from the date of this order to allow the MDOC to secure and execute a detainer.

2. If at the end of ten (10) days, the MDOC has not executed on the detainer, i.e. picked defendant up for the parole violation, bond shall be cancelled.

3. Immediately upon resolution of the detainer, defendant's bond shall be cancelled and he shall be immediately returned to federal custody.

4. Defendant's counsel shall use all reasonable and available efforts to ensure that defendant remain in custody all at times. If this requires additional orders from the Court, defendant's counsel shall promptly advise the Court and provide an appropriate proposed order.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2017
Detroit, Michigan